THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOSE E. RAMOS PEREZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.:_____ |
| | ) |
| ATLAS APEX ROOFING, LLC | )   JURY DEMAND |
| d/b/a ATLAS-APEX ROOFING, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, Jose E. Ramos Perez, by and through, his undersigned counsel, bring this retaliation lawsuit against Defendant, Atlas Apex Roofing, LLC (d/b/a Atlas-Apex Roofing, "Defendant") pursuant to 29 U.S.C. § 215(a)(3) of the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA"), and states the following:

### Jurisdiction & Venue

1. Jurisdiction in this Court is proper as the claim is brought pursuant to the FLSA, to obtain a judgment against Defendant that it is liable to Plaintiff for retaliation, recover backpay wages and other damages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. Defendant is a corporation conducting business in the State of Florida.

3. Plaintiff currently resides in Kissimmee, Florida.

4. At all times material to this action, Plaintiff was employed by Defendant at its Orlando location (11334 Boggy Creek Road, Orlando, Florida, 32824).

SALAS LAW FIRM, P.A.

5. This action is brought pursuant to the FLSA, and specifically the anti-retaliation provision of the Act found at § 215(a)(3), for legal, equitable, and injunctive relief and to remedy violations of *id.* by Defendant which has damaged Plaintiff.

6. Venue in this Court is proper, as the acts and omissions alleged in this Complaint, took place in this judicial district, and Defendant resides and regularly conducts business in this judicial district.

### Parties & Background Facts

7. Defendant is a roofing company, which contracts with both commercial and residential customers to repair and replace roofs.

7. Defendant employs roofers, like Plaintiff, inside and outside of Florida.

8. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

11. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

12. Based on information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

13. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, telephones, and materials used in construction of roofs.

14. At all times material hereto, the work performed by the Plaintiff, and those similarly situated, was directly essential to the business performed by Defendant.

15. Beginning in February 2018, and continuing through May 7, 2020, Defendant employed Plaintiff as a non-exempt, hourly-paid employee.

16. Plaintiff's duties included repairing and replacing roofs, including tarring.

17. While working for Defendant, Plaintiff earned $16.00 per hour until the end of his employment.

18. Defendant paid Plaintiff by two physical checks each week.

19. One check paid Plaintiff for approximately seventeen (17) to twenty (20) hours of work in a given week, in a check issued via ADP.

20. Plaintiff worked at least forty (40) hours per week while employed by Defendant.

21. Plaintiff consistently worked over forty (40) hours per week while working for Defendant.

22. The second check, not from ADP, reflected Plaintiff's remaining hours for each week from "Concrecel USA, LLC," which, on information and belief, is synonymous with Defendant.

23. Defendant utilized this two-check system to deceive Plaintiff concerning his entitlement to overtime due under the FLSA.

24. From the beginning of his employment through his termination, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

25. Plaintiff was paid only his regular rate, with no overtime premiums, for overtime hours.[1]

26. In January 2020, after receiving his form W-2, Plaintiff complained to one of his immediate supervisor s (Sebastian l/n/u), an agent and manager of Defendant, that he was not receiving overtime pay for hours worked in excess of forty hours per week.

27. After this initial internal complaint, Plaintiff made numerous additional complaints in 2020 that he was not receiving overtime pay, including to his other supervisor (Ismael l/n/u), an agent and manager of Defendant.

28. Plaintiff's supervisors told Plaintiff that being paid by two separate checks was to "his benefit."

29. On May 7, 2020, Plaintiff was terminated.

30. Ismael informed Plaintiff of his termination on the phone.

31. Ismael told Plaintiff "don't come back."

32. Defendant's failure and/or refusal to properly compensate Plaintiff, at the rates and amounts required by the FLSA was willful, as Defendants knew, or should have known with reasonable diligence, that payment of overtime premiums for all hours over forty (40) worked in each workweek was required.

---

[1] Of note, on May 14, 2020, Plaintiff opted-in to a FLSA overtime lawsuit currently pending in the Southern District of Florida, styled *Rosado v. Atlas Apex Roofing, LLC d/b/a Atlas-Apex Roofing*, Case No.: 20-cv-60808-SINGHAL/Valle (S.D. Fla. Apr. 17, 2020 (Compl.)).

33. Defendant's decision to terminate Plaintiff after he complained merely weeks earlier, demonstrates that Defendant acted in bad faith, or alternatively, it did not act in good faith.

34. Because Defendant failed to act in good faith, the imposition of liquidated damages is appropriate following the jury finding it and its agents liable for retaliation.

35. Defendant is or may be liable to Plaintiff under the "cat's paw" theory of vicarious liability and, to the extent necessary, alleges that it is so liable.

### Count I: FLSA Retaliation

36. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

37. From the beginning of his employment through January 2020, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

38. Plaintiff engaged in protected activity under the FLSA, complaining to (Ismael and Sebastian) in January 2020 and afterwards that he was not being paid overtime for all hours worked in excess of 40 hours in one or more workweeks.

39. Plaintiff subsequently suffered an adverse employment action, termination.

40. A casual connection exists(ed) between Plaintiff's activity in complaining and his termination, including because of the close temporal proximity.

41. Plaintiff believes and will demonstrate that the termination would not have been taken but for the assertion of Plaintiff's FLSA rights.

42. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

43. Defendant's actions were intentional and/or willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, at

the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek, and then terminating Plaintiff after he complained about Defendant's FLSA overtime violations.

44. Defendant's actions were not in good faith, and were, in reality, in bad faith.

45. Any purported reason given by Defendant for its actions is, in reality, a pretext for unlawful retaliation.

46. As a result of the aforementioned conduct, Defendant violated the FLSA.

47. Defendant has failed to comply with it statutory duty to take all reasonably necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

48. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages, including mental anguish from being terminated wrongfully and retaliatorily, particularly during COVID-19 with diminished opportunities for employment and/or to mitigate his damages. At a minimum, Plaintiff is thereby entitled to back wages, compensatory and or liquidated damages, and/or attorney's fees and costs.

49. Plaintiff's backpay damages should not be merely measured and calculated by what he would have earned for forty hours per week with Defendant, but rather should be measured by his weekly backpay plus overtime rate based on his previously worked overtime hours.

50. Including because of Defendant's bad faith, to the extent necessary, Plaintiff asks this Court to "exercise some creativity" in awarding relief in this retaliation case, including allowing mental anguish damages as a component of an award of compensatory damages.

**WHEREFORE**, Plaintiff prays for the following relief:

i. This Court award Plaintiff the amount of his unpaid wages lost due to Defendant's retaliation, plus an additional equal amount as liquidated damages; back pay; special damages; compensatory damages;

ii. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest;

iii. For such other and further relief as justice may require;

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues when joined.

Respectfully this 18th day of May, 2020.

//s//John P. Salas, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@jpsalaslaw.com
Fla. Bar. No. 87593

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email:  michael@jpsalaw.com
Fla. Bar. No. 60859